IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

FRANK R. DiFRANCO,       ]
Plaintiff                        ]        NO.
v.                                  ]
                                     ]
                                     ]
KAREN YARBROUGH, Clerk of Cook   ]
County in her personal and official    ]
capacity; THE COUNTY OF COOK;    ]
COOK COUNTY BOARD OF           ]
ELECTIONS; ILLINOIS STATE         ]
BOARD OF ELECTIONS; and          ]
PATRICIA FALLON,                     ]
Defendants

## COMPLAINT

Pursuant to Fed. R. Civ. P. 3 Frank R. DiFranco [Plaintiff], as a voter and Candidate for

the "Hanlon Vacancy" in the 12th Judicial Subcircuit of Cook County, commences this action

against, Defendant Karen Yarbrough [County Clerk of Cook County], in her personal and

official capacity, the County of Cook [County], Cook County Board of Elections [County Board]

Illinois State Board of Elections [State Board], and Defendant Patricia Fallon [Fallon].

## NATURE OF ACTION

This is an action for deprivation of civil rights under color of law relating to the County

Clerk and other Defendants counting ballots after the deadline set by the legislature, engaging in

a pattern of acts and misdeeds which deprived the Plaintiff of the due process and equal

protection rights afforded him by the Fourteenth Amendment, and other improper actions that

affected the outcome of the election to fill the "Hanlon Vacancy" judgeship within the 12th

1

Judicial Subcircuit in Cook County, Illinois, and to help the Democratic Candidates defeat Republican Candidates in Federal and State Elections in violation of 28 U.S.C. 1983.

The Plaintiff has also filed an "election contest" cause of action against the identical Defendants in the Circuit Court of Cook County pursuant 10 ILCS 5/23-1.1a arising from the same facts as alleged herein. That cause of action includes the identical constitutional claims as presented by the Plaintiff in this cause of action. The identical claims are included in the State Court action in order that the State Court may construe the State statutes referred to therein in light of the Plaintiff's federal claims.

In accordance with the holding in *England v. Louisiana State Board of Medical Examiners,* 84 S.Ct. 461, 375 U.S. 411 (19640, Plaintiff expressly desires that the federal questions presented by constitutional claims asserted in this cause of action be resolved by the United States District Court, and not the Courts of the State of Illinois.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 1367(a), 2202, 42 U.S.C. § 1983, U.S. Const.amend. XIV, and U.S.Const.amend.1, 52 U.S.C.A. §§ 10101, 10301, 10302, and 10304, et seq.

2. This Court has personal jurisdiction over each of the Defendants because, inter alia, they acted under color of laws, policies, customs, and/or practices of the County of Cook, and under the executive discretion of policy makers of the County of Cook, and/or within the geographical confines of the County of Cook, and State of Illinois.

3. Venue is proper pursuant to 28 U.S.C. Section 1391 because the Defendants may be found in the Northern District of Illinois, and because all of the events giving rise to this cause of action occurred in the Northern District of Illinois.

4.  Plaintiff's requested relief and the required decree cannot be entered without materially affecting all Defendants, County Board, State Board, and State of Illinois interests; hence Fallon and these other Defendants are joined as a necessary parties.

5.  Frank R. DiFranco [DiFranco] is a natural person, citizen of the United States, a resident of Cook County, Illinois, and a candidate for the Hanlon Vacancy, judicial position of the 12th Judicial Subcircuit in the November 3, 2020 General Election, and a voter in the said election, who voted in favor of himself as candidate for the Hanlon Vacancy in the 12 Judicial Subcircuit in Cook County.

6.  Defendant Karen Yarbrough is a natural person, a Citizen of the United States, and [Yarbrough] is the duly elected County Clerk of the County of Cook, and the State of Illinois, and charged with supervising the November 3, 2020 general election in Cook County, Illinois, including the judicial position for the Hanlon Vacancy the 12th Cook County Subcircuit in that election.

7.  Defendant, Patricia Fallon, is a natural person, a Citizen of the United States, a resident of Cook County, Illinois, and Plaintiff's opposing candidate for the judicial position for the Hanlon Vacancy in the 12th Cook County Subcircuit in the November 3, 2020 general election.

8.  Defendant, Cook County [County] is a municipality located in the County of Cook, State of Illinois.

9.  Defendant, State Board of Elections [State Board], is an administrative arm of the State of Illinois.

10. Defendant, Cook County Board of Elections [County Board] is an administrative arm of the State of Illinois or County of Cook in the State of Illinois.

3

**FACTUAL BASIS**

11. Plaintiff recites to and incorporates paragraphs 1-10 into this section.

12. On November 3, 2020, a general election was conducted throughout the United States of America, including the County of Cook, and the State of Illinois [General Election].

13. Included within the General Election was a Judicial Election within the 12th Subcircuit of the Cook County. [A geographical display of the 12th Subcircuit and its boundaries is attached and incorporated into this allegation as Plaintiff's Exhibit A]

14. Prior to the General Election, DiFranco was found qualified, listed on the Republican Primary Election Ballot, and thereafter elected as the Republican Candidate for Circuit Court Judge for the Hanlon Vacancy in the 12th Judicial subcircuit in The General Election.

15. Patricia Fallon had been an appointed Judge of Cook County, and was listed on the General Election ballot as the opposing Democratic candidate for Circuit Court Judge of the 12th subcircuit for the Hanlon Vacancy.

16. Prior to being an appointed Judge Patricia Fallon was the executive of the Human Resources Department at the Recorder of Deeds office, and at the same time Karen Yarborough was the Recorder of Deeds.  Patricia Fallon was recommended and then appointed to a  Judgeship position in Cook County, Illinois.  Subsequently, Karen Yarborough became the County Clerk when the office of the Recorder of Deeds merged with the office of the County Clerk in or about 2018. Many, if not most of the employees, counting and aiding in the election were subordinates of the County Clerk, and  whose hiring and employment were supervised by Patricia Fallon while she was in charge of Human Resources at the Office of the County Clerk.

17. Karen Yarborough was a duly elected public official in the County of Cook, State of Illinois and she was clothed with authority under Illinois election law to collect, count, and canvass the votes of citizens of Cook County, Illinois in the General Election of 2020.

18. The General Election included the contests for President of the United States, United States Senate, as well as local offices, including the election of a Judge from the 12th Judicial Subcircuit of Cook County to fill the Hanlon Vacancy.

19. Pursuant to 10 ILCS 5/1-1 et.seq., election procedures and rules are the responsibility and charge of the Illinois Legislature.

20. As County Clerk of Cook County, Karen Yarborough was charged with the duty to adhere to the proscriptions of Illinois statutory law, including 10 ILCS 5/18A-15; and 10 ILCS 5/19-8.

21. 10 ILCS 5/19-8 provides:

"Sec. 19-8. Time and place of counting ballots.
    (b) Each vote by mail voter's ballot returned to an election authority, by any means authorized by this Article, and received by that election authority before the closing of the polls on election day shall be endorsed by the receiving election authority with the day and hour of receipt and may be processed by the election authority beginning on the day it is received by the election authority in the central ballot counting location of the election authority, but the results of the processing may not be counted until the day of the election after 7:00 p.m., except as provided in subsections (g) and (g-5).


    (c) Each vote by mail voter's ballot that is mailed to an election authority and postmarked no later than election day, but that is received by the election authority after the polls close on election day _and before_ the close of the period for counting provisional ballots cast at that election, shall be endorsed by the receiving authority with the day and hour of receipt and shall be counted at the central ballot counting location of the election authority during the period for counting provisional ballots."

22. 10 ILCS 5/18A-15 provides:

"10 ILCS 5/18A-15.  Validating and counting provisional ballots.  (a) The county clerk or board of election commissioners shall complete the validation and counting of provisional ballots within 14 calendar days of the day of the election. The county clerk or board of

election commissioners shall have 7 calendar days from the completion of the validation and counting of provisional ballots to conduct its final canvass. The State Board of Elections shall complete within 31 calendar days of the election or sooner if all the returns are received, its final canvass of the vote for all public offices."

23. 10 ILCS 5/18A-15 provides:

"10 ILCS 5/8A-15. These Illinois Statutes provided that ballots received prior to election day must be counted no later than 14 days after the election date, and that mail in ballots postmarked on or before election day and received after election day must be counted no later than 14 days after election day."

24. In accordance with 10 ILCS 5/18A-15, fourteen (14) days after election day is November 17, 2020. Accordingly, all ballots were to have been counted by Tuesday, November 17, 2020.

25. The County Clerk is required to certify the results of the General Election by November 24, 2020. 10 ILCS 5/22-1; 22-2.

26. In addition, pursuant to 10 ILCS 5/1-9.2, within forty eight (48) hours after the polls close on election date, the County Clerk is mandated with the daily duty to commence publication of information on its website relative to status of total ballots received, total ballots counted, total uncounted ballots, total mailed out ballots received, and total mailed out ballots not received in the County of Cook.

27. In furtherance of those mandatory duties imposed by 10 ILCS 5/1-9.2, County Clerk Yarborough, published, on a daily basis, the information relative to the uncounted ballots and specific status categories of those uncounted ballots in Cook County during the period of November 6, 2020 through November 14, 2020. [A copy of 10 ILCS 5/1-9.2 publication is attached as Exhibit B and incorporated into this allegation].

28. County Clerk Yarborough, while acting under color of law, knowingly and willingly utilized her position and authority, and arbitrarily chose to adopt a policy to allow the

6

Board of Elections to continue to count votes subsequent to November 17, 2020, contrary to the directives imposed by 10 ILCS 5/18A-15 and 10 ILCS 5/19-8, to cease counting ballots as of November 17, 2020.

29. The vote count as of the last date on which the Clerk was authorized to count votes indicated that the Plaintiff, Frank R. DiFranco, had received the majority of votes in the General Election for the Hanlon Vacancy for judge in the 12th Judicial Subcircuit of Cook County.

30. By implementing the policy, Karen Yarborough chose to arbitrarily adopt, the employees of the County Clerk's office continued to count ballots in the contest for the Hanlon Vacancy in the 12th Judicial Subcircuit election after that November 17, 2020 date.

31. As a result of the implementation of that policy, employees of the Clerk of Cook County continued daily to count votes in contest for the Hanlon Vacancy in the 12th Subcircuit judicial election through November 23, 2020. On that date, the Clerk declared that Democrat, Patricia Fallon, now had a lead of 503 votes over DiFranco, with Fallon having a total of 82,702 votes and Frank DiFranco having a total of 82,199 votes. The Defendants then declared that Fallon was the in the contest for the Hanlon Vacancy.

32. Upon information and belief, that November 23, 2020 final vote count included the counting of unauthorized illegal Vote By Mail (VBM) ballots, and "drop off" ballots which had not been received by election officials in accordance with the Illinois Statutory timeliness mandates.

33. As of November 4, 2020, the Clerk declared that it had received 27,181 VBM ballots which had not yet been counted in the 12th Judicial Subcircuit, and further declared that there were only a total of 15,958 VBM ballots then outstanding, that had never been returned. Thus,

the County Clerk had declared that a total of 43,139 VBM ballots were potentially available to be included within the final count.

34. The actual process of receiving and counting VBM ballots post election day was conducted at the Cook County "Hawthorne" Election Operation Center at 1330 South 54th Avenue, in Cicero, Illinois.

35. Upon information and belief, based upon information provided by poll watchers at the Cook County Hawthorne Cicero "Election Operation Center", less than 1,000 actual physical ballots were delivered to that facility during the period of November 6, 2020 through November 17, 2020.

36. On November 14, 2020, the County Clerk issued the Notice it is mandated to publish pursuant to 10 ICS 5/1-9.2, a copy of which is attached hereto as Exhibit "B". That November 14, 2020 Notice declared that there were Zero ballots of any category that remained uncounted in the County of Cook, and more specifically: None of the ballots cast on election day remained uncounted; None of the early Voting Ballots remained uncounted; None of the Provisional Ballots remained uncounted; and that None of the Vote By Mail (VBM) ballots that had actually been received by the County Clerk as of November 14, 2020, remained uncounted.

37. Consistent with that 10 ILCS 5/1-9.2 Notice, on November 13, 2020, Officials of the Clerk's Office at the Cicero Election Operations Center discharged election judges from additional duty because of the absence of uncounted ballots

38. Notwithstanding the Clerk's declarations of November 4, 2020, and November 14, 2020, the Board of Elections declared that, during the course of the daily, continuous counting of ballots during the period of November 4, 2020 through November 22, 2020, the Clerk

actually added a total of 61,664 ballots to the final count for the Hanlon vacancy in the 12th Judicial Subcircuit. The inclusion of 61,664 ballots to the count post November 4, 2020 reflected a mathematical impossibility. This is so because the volume of ballots (61,664) counted was 18,525 MORE THAN the number of ballots the County Clerk had declared to be potentially available (43,139) to be included within the count, as of November 4, 2020.

39. Upon information and belief, during the course of ballot tabulation and/or counting of ballots for the Hanlon Vacancy in the 12th Judicial Subcircuit, the electronic voting machines utilized by the County Clerk were not programmed to identify or reject ballots which had previously been counted, and further, those voting machines were not programmed to preclude, or prevent, the repetitive counting of ballots on successive occasions.

40. Upon information and belief, the County Clerk counted the same ballots in the 12th Judicial Subcircuit contest for the Hanlon Vacancy more than one time.

41. Policies and procedures arbitrarily implemented by the Office of the Clerk during the voting period resulted in the casting of general ballots which should have either been rejected or cast provisionally.

42. Election rules required voters, who had received a VBM ballot, but had not returned that ballot, to vote via a conditional, provisional ballot, rather than a general ballot.

43. However, based upon information provided by election judges familiar with procedures implemented within the 12 Judicial Subcircuit, the County Clerk arbitrarily adopted a policy of allowing prospective voters, who had not returned their VBM, to forgo casting a provisional ballot, but rather, they were permitted to submit a general ballot.

44. As indicated, the implementation of this policy resulted in a pool of unaccounted for VBM ballots, and resulted in an inflated vote total of VBMs.

45. At the conclusion of the processing of ballots, and tabulation of the final vote count for the Hanlon Vacancy within the 12th Judicial Subcircuit, the numbers published by the Board of Elections revealed that the total number of VBMs the clerk included within the final vote count was 143% greater than the finite number of VBMs that were possibly available for inclusion, even assuming the very unlikely return of 100% of all VBMs originally mailed out.

**COUNT 1:**

**VIOLATION OF 42 U.S.C. § 1983: PROCEDURAL DUE PROCESS**
**DENIAL OF FUNDAMENTAL FAIRNESS AND VIOLATION OF**
**ILLINOIS STATUTORY MANDATES**
**DiFRANCO v. ALL DEFENDANTS**

46. Plaintiff recites and incorporates paragraphs 1-45 into this allegation to support this count.

47. 42 USC 1983 provides that:

"every person who under color of any statute, ordinance, regulation, custom or usage of any State or Territory or of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction there to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the other party injured in an action in law, and in an action in equity or other proper proceedings for redress."

48. Plaintiff was/is "running for office" in the contest for the "Hanlon Vacancy" in the 12th Judicial Subcircuit in Cook County as the Republican candidate for Circuit Court Judge and also voted in such contest.

49. Plaintiff, as a voter and as a candidate for the "Hanlon Vacancy" within the 12th Judicial Subcircuit in Cook County, Illinois, had a right to expect that the election would be

conducted in accordance with the directives of Illinois Statutory law, and he had the right to expect that his right to cast a meaningful vote, and his right to run for office would be afforded the procedural due process as guaranteed by the 14th Amendment to the United States Constitution, as well as by Article I, Section 2 of the Constitution of the State of Illinois.

50. In addition, the First Amendment protects the Plaintiff's involvement in political activities, including running for office, and supporting a particular political candidate.

51. As a candidate for elective office in the State of Illinois, the Plaintiff had the right to expect that the procedures mandated by10 ILCS 5/18A-15; and 10 ILCS 5/19-8 would be strictly adhered to in the administration of the election of Judge within the 12th Judicial Subcircuit of Cook County.

52. Notwithstanding the rights of due process afforded the Plaintiff, the County Clerk, upon information and belief, engaged in one or more of the following deliberate acts:

    a. Consciously and deliberately failed to cease counting ballots after the statutory deadline of November 17, 2020;

    b. Consciously and deliberately included ballots in the final count which were not in possession of the County Clerk as of November 17, 2020;

    c. Consciously and deliberately instituted arbitrary and capricious policies which were in direct conflict with the Separation of Powers provisions of Article 1 Section 1, Article 11 Section 1 and Article 3 Section 1 provisions of the Constitution of the United States;

    d. Consciously and deliberately instituted arbitrary and capricious policies which were in direct conflict with the Separation of Powers provisions of Article I, Section 2 of the Constitution of the State of Illinois;

e.  Upon information and belief, by utilizing voting machines which were not programmed to identify or reject ballots which had previously been counted, and failing to reflect an accurate vote total;

f.  Engaged in the systematic abrogation of the integrity of the election, by adopting a policy of abrogating election rules for the purpose of creating a pool of unaccounted for VBMs which were ultimately included within the final vote count.

g.  Engaged in the policy of deliberately adding to the number of unaccounted for VBMs by allowing voters to cast a general ballot, as opposed to a provisional ballot, notwithstanding the fact that the voter had received a Vote By Mail (VBM) ballot that had not been returned, was unaccounted for, and still outstanding.

h.  Deliberately and knowingly failed to provide election judges with adequate procedures and means to insure the integrity of the election and to prevent duplicate voting.

i.  Engaging in the policy of deliberately delaying the delivery of its "6 AM Envelope" until late morning or early afternoon.  That 6 A.M. Envelope was to be delivered by 6:00 A.M. and opened immediately. It contained a list of voters who had received VBM ballots.  The purpose of that list was to prevent duplicate voting by mail and in person. By failing to cause it to be delivered timely, the County Clerk failed to provide the judges with any means to detect duplicate voting, thereby undermining the integrity of the election.

j.  Deliberately adding more purported "valid" votes within the final vote count than were legally eligible to be included within the said count;

k.  Deliberately choosing to violate Illinois statutes, thus undermining the basic integrity and fairness of the democratic system;

l. Upon information and belief, accepting "drop off" ballots received after the statutory deadline for accepting ballots in order that they be included within the final vote tally to help the Democratic candidate to the detriment of the Republican candidate;

m. Upon information and belief, altering postmarks on VBM envelopes to make them appear to have been postmarked on or before November 3, 2020;

n. Depriving the Plaintiff's campaign team from engaging in a meaningful canvass of the election by failing to provide them with access to the items and materials mandated by the Illinois Statutes.

53. The conduct complained of is contrary to the fundamental fairness provisions of the 14th Amendment to the Constitution of the Unites States as well as contrary to the provisions of Article I § 2 of the Constitution of the State of Illinois.

54. It is mandatory that the statutory provisions be strictly be complied with.

55. The Plaintiff was damaged by this conduct in that the count and tabulation of votes that had been concluded on November 17, 2020, in a manner consistent with the legislative mandates, indicate that he was the winner of the election contest for the Hanlon vacancy within the 12th Subcircuit, however, the inclusion of the purported votes counted subsequent to the statutory deadline suggest a purported change in results, making his opponent the recipient of the majority of votes for the judicial contest for the Hanlon vacancy in the 12th Subcircuit Judicial contest in Cook County.

56. As a result of this improper conduct and denial of procedural due process, Defendant County Clerk, and the other Defendants, improperly certified the results of the elections. This also has resulted in the constitutional deprivation to Plaintiff by denying him the certification and denying certification for the candidate he voted for.

13

57. As a result of this improper conduct and denial of procedural due process, The Board of Elections has certified this false tabulation. This also has resulted and continues to result in the constitutional deprivation to Plaintiff by denying him the certification, denying certification for the candidate he voted for, and denying the public the honest services of the rightful winner of the election.

58. This results in the deprivation of the right to casting a meaningful vote and this improper totaling of votes and certification is the vehicle for denying the voters' right to cast a meaningful vote in the general election.

59. At all times alleged in this Complaint, the Defendant County Clerk was charged with the responsibility of formulating policies to implement the statutory election mandates.

 Defendant County Clerk had the authority to supervise and deploy personnel and resources, develop and implement the county's goals and policies, and the overall monitoring of the county's performance and divisions.

60. Defendant Clerk's acts, performed under color of law, were fundamentally unfair, and contrary to law, and  done intentionally, or with a reckless disregard for the rights of all voters and candidates in the 12th Subcircuit, and in gross disregard for the rights afforded the Plaintiff by the 14th Amendment to the Constitution of the United States and Article I, § 2 of the Illinois Constitution.

61. Defendants acted with willful malice.

62. The conduct by the County Clerk demonstrated "deliberate indifference" to rights of all voters and candidates.

63. The conduct of high-level officials is implicated in this matter since it is the elected County Clerk whom administered the election, implemented and enforced policies in a manner

14

inconsistent with Illinois Statutory law in deprivation of the rights afforded the Plaintiff by the 14th Amendment of the Constitution of the United States.

64. The Plaintiff's rights were violated by abusive, irrational or malicious abuse of government power.

Wherefore, Plaintiff requests this Honorable Court for the following relief:

(1) Entry of an order voiding the certification of the results in favor of Patricia Fallon;

(2) Enjoin all Defendants from denying the Plaintiff his right to fill the seat he rightfully won;

(3) Remove Patricia Fallon from the Judicial position created by the Hanlon Vacancy;

(4) Enter an order requiring the Plaintiff to be certified as the winner of the Hanlon vacancy, and to order the Defendants to authorize and facilitate the placement of Plaintiff to fill the Hanlon Vacancy;

(5) In the alternative, the invalidation of the election results, and ordering a new election;

(6) Reasonable Attorney's fees, costs, and any other relief the Court sees fit to be awarded to Plaintiff;

(7) For an award of damages in excess of $100,000.00 for violations of the Plaintiff's Constitutional rights; and

(8) any other relief the court sees fit.

## COUNT II

### VIOLATION OF 42 U.S.C. § 1983: EQUAL PROTECTION
### UNEQUAL TREATMENT OF REPUBLICAN CANDIDATE
### FRANK R. DiFRANCO

### DiFRANCO v. ALL DEFENDANTS

65. Plaintiff recites and incorporates paragraphs 1-64 into this allegation to support this count.

66. Section 1 of the 14th Amendment to the Constitution of the United States provides:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; *nor deny to any person within its jurisdiction the equal protection of the laws.*"

67. Candidates for public office, including the Plaintiff, and qualified voters, including the Plaintiff, have the right to expect that ballots which were submitted and received in accordance with the Illinois Statues, including 10 ILCS 5/18A-15 and 10 ILCS 5/19-8, will be counted, and tabulated in accordance with the statutes, and that the timely and properly submitted and received ballots would not be diluted by the County Clerk's inclusion of ballots which were not received in compliance with the Illinois Statutes.

68. The inclusion of ballots counted after November 17, 2020, in the judicial contest in the 12th Cook County Judicial Subcircuit, resulted in the dilution of the votes of the electorate which complied with the provisions of the Illinois Statutes in violation of the provisions of equal protection.

69. The great majority of the votes counted after November 17, 2020 were in favor of the Democratic candidate for Hanlon Vacancy in the 12th Judicial Subcircuit, Patricia Fallon.

16

70. Upon information and belief, the Clerk's motivation for including votes received after November 17, 2020 to the vote tally in the 12th Judicial Subcircuit was to help the Democratic candidate win.

71. The Republican Party is an overwhelmingly minor party in the County of Cook and the State of Illinois.

72. The disparate treatment between Republican candidate Frank R. DiFranco, and the Republican voters whose votes were diluted, and the Democratic candidate and the Democratic voters, had no legitimate governmental purpose.

73. By treating the Republican and Democratic voters and candidates within the 12th Judicial Subcircuit in such a different manner, Defendant Clerk of Cook County violated Plaintiff's right to due process of law.

74. The conduct of the County Clerk unfairly and unnecessarily burdened the minority party's and/or Plaintiff candidate's equally important interest in continued availability of political opportunity.

75. The County Clerk failed to count the votes in a proper manner, diluted the true votes, and changed the outcome of the election by adding ballots which were not submitted in compliance with Illinois Statutory dictates.

76. The decision by the County Clerk to accept and count ballots after the November 17, deadline was arbitrary and capricious and not consistent with her statutory duties.

77. Candidates for political office and voters enjoy both a First and Fourteenth Amendment right to participate equally in the electoral process, associate with one another to achieve policy goals and to vote.

17

78. Moreover, upon information and belief, the treatment was a result of Plaintiff being a Republican minority candidate in an overall uncontested election of unopposed, and party slated, democratic candidates for many judicial positions in Cook County, Illinois.

79. Plaintiff was damaged by this conduct in that he was the rightful winner in the election, but because of the improper conduct, he is no longer the winner of the election.

80. Plaintiff was further damaged in that his right to cast a meaningful vote was denied in that the conduct diluted and tainted the legal votes cast.

Wherefore, Plaintiff requests this Honorable Court for the following relief:

(1) Entry of an order voiding the certification of the results in favor of Patricia Fallon;

(2) Enjoin all Defendants from denying the Plaintiff his right to fill the seat he rightfully won;

(3) Remove Patricia Fallon from the Judicial position created by the Hanlon vacancy;

(4) Enter an order requiring the Plaintiff to be certified as the winner of the Hanlon vacancy, and to order the Defendants to authorize and facilitate the placement of Plaintiff to fill the Hanlon Vacancy;

(5) In the alternative, the invalidation of the election results, and ordering a new election;

(6) Reasonable Attorney's fees, costs, and any other relief the Court sees fit to be awarded to Plaintiff;

(7) Damages in excess of $100,000.00 for violations of the Plaintiff's Constitutional rights; and

(8) any other relief the court sees fit.

## COUNT III:

### VIOLATION OF 42 U.S.C. § 1983: SUBSTANTIVE DUE PROCESS SHOCKING AND EGREGIOUS CONDUCT

### DiFRANCO v. ALL DEFENDANTS

81. Plaintiff recites paragraphs 1-80 and incorporates them herein by reference into this allegation and in support of this count.

82. Defendants continue to deny Plaintiff and the voters their right to cast a meaningful vote in the General Election.

83. Pursuant to 10 ILCS 5/22-9.1, Plaintiff filed a discovery Petition for a canvass of the votes. The County Clerk and the County Board granted that Petition and scheduled the canvass and examination for December 22, 2020 at 8:00 AM. Under the statute, the canvass shall consist of an examination of the following: "ballots, voting machines, or ballot cards - as the case may be…automatic tabulating equipment…ballots… ballot applications and voter affidavits for the specified precincts." Although the Plaintiff and his representative were present at the date, time and place designated, the Defendants intentionally and willfully deprived the Plaintiff of his substantive due process rights to that canvass examination.

84. Specifically, the Plaintiff was denied his right to inspect and examine the ballots and compare signatures on ballots against known signatures. Upon arrival at the designated time, the Clerk had already electronically scanned the physical ballots thereby depriving the plaintiff of his right and opportunity to physically examine and count the ballots. Of those ballots which had been scanned, many were only partially visible, not displaying signatures etc., thereby rendering any meaningful discovery canvass impossible. Further, the Plaintiff

was deprived of the opportunity to match VBM ballots with their corresponding envelopes because the ballots were separated from the envelopes, not matched with the corresponding envelopes; the number of VBM ballots included in the count were a much greater number than the number of VBM envelopes; ballots were not scanned into an unmodifiable PDF format, but rather scanned to a modifiable JPEG format; and, contrary to 10 ILCS 5/22-9.1, ( c ), many of the VBM ballots and envelopes failed to contain a postmark date nor a endorsement date and time or scan in date; many VBM envelopes contained altered postmarks.

85. The acts of which the Plaintiff complains are not those manifesting isolated incidents of minor irregularities such as incidents of human error by polling judges or poll watchers, or some malfunction of a voting machine, but rather, manifestations of a pattern of conscious , deliberately structured attempts to undermine the electoral process through which the Defendants engaged in intentional acts likely to result in the public's erosion of confidence of United States General Elections. Those acts included:

a. Engaging in activities which were inconsistent with the fundamental fairness due process provisions of the 14th Amendment to the Constitution of the United States as well as Article I, § 2 of the Constitution of the State of Illinois.

b. Consciously deciding to count ballots in the judicial contest for the Hanlon vacancy in the 12th Judicial Subcircuit of Cook County in a manner inconsistent with Illinois Legislative directives ;

c. Consciously deciding to count ballots in the judicial contest for the Hanlon vacancy in the 12th Judicial Subcircuit of Cook County which the Defendants did not possess as of November 17, 2020;

d. Consciously deciding to institute official policies which were in direct conflict with the Separation of Powers provisions of the United States Constitution as well as the Separation of Powers provisions of the Constitution of the State of Illinois;

e. Engaging in an arbitrary and capricious exercise of discretion in an intentional and gross disregard of the Plaintiff's Constitutional rights;

f. Engaging in conduct which manifested a deliberate indifference to the Constitutional rights of the Plaintiff;

g. Consciously depriving the Plaintiff of the right to conduct a meaningful discovery canvass;

h. Consciously choosing to violate the Illinois state statutes, thus undermining the basic integrity and fairness of the democratic system;

i. Consciously disregarding the United States and State of Illinois Constitutional provisions of separation of powers;

j. Adding purportedly 'valid' votes within the total vote count for the judicial contest in the 12th Cook County Judicial Subcircuit of Cook County after November 17, 2020, although the County Clerk had declared that the electoral officials were not in possession of any uncounted ballots at the time;

k. Upon information and belief, failing to implement and utilize systems capable of precluding the duplicate counting of ballots;

l. The Defendant County Clerk engaged in conscience-shocking, egregious behavior by adding votes after the deadline;

m. The Defendant Clerk engaged in conscious shocking egregious behavior by failing to implement a process or system which adequately monitored the volume of VBMs

21

mailed out to voters, but not but returned by them, and which further failed to identity the voters who cast a general, as opposed to provisional ballot, notwithstanding their having received, but not returned, a VBM ballot;

n. The Plaintiff's rights were violated by abusive, irrational or malicious abuse of government power.

86. The conduct committed shocks the conscience by falling substantially below standards generally accepted in the governmental and administrative community.

Wherefore, Plaintiff requests this Honorable Court for the following relief:

(1) Entry of an order voiding the certification of the results in favor of Patricia Fallon;

(2) Enjoin all Defendants from denying the Plaintiff his right to fill the seat he rightfully won;

(3) Remove Patricia Fallon from the Judicial position created by the Hanlon vacancy;

(4) Enter an order requiring the Plaintiff to be certified as the winner of the Hanlon vacancy, and to order the Defendants to authorize and facilitate the placement of Plaintiff to fill the Hanlon Vacancy ;

(5) Also, in the alternative invalidation of the election results and ordering a new election to be held;

(6) Reasonable Attorney's fees, costs, and any other relief the Court sees fit to be awarded to Plaintiff;

(7) Damages in excess of $1,000,000.00 for violations of the Plaintiff's Constitutional rights;

(8) any other relief the court sees fit.

## COUNT IV

### VIOLATION OF 42 U.S.C. § 1983
### DUE PROCESS/SEPARATION OF POWERS.

### DiFRANCO v. ALL DEFENDANTS

87. Plaintiff recites paragraphs 1-86 and incorporates them herein by reference into this allegation in support of this count.

88. In Article 1 § 1, Article 11 § 1, and Article 3 § 1, the United States Constitution provides for a separation of powers among the Executive, Legislative and Judicial Branches of government.

89. It is traditional to our fundamental sense of ordered liberty and justice that each branch of government exercises the powers appropriate to its own department, and no branch can encroach upon the powers confined to the others; this system prevents the accumulation of all powers, legislative, executive, and judiciary, in the same hands, an accumulation that would pose an inherent threat to liberty.

90. The Constitutional Separation of Powers is designed to protect the individual against arbitrary action of government.

91. Pursuant to the Separation of Powers provisions of the United States Constitution as well as Article I § 2 of the Illinois Constitution, the Legislature, and not the Executive branch, is mandated to impose the standards and rules associated with conducting an election in the State of Illinois.

92. The Clerk's decision to continue to count ballots in the judicial contest for the Hanlon Vacancy in the 12th Judicial subcircuit of the Cook County beyond 14 days after the date of the General Election was made without any authority whatsoever.

23

93. The County Clerk's inclusion of ballots in its final vote count for the judicial contest for "Hanlon Vacancy" the 12th Judicial subcircuit of Cook County, which it did not possess as of November 17, 2020 was made without any authority whatsoever and violative of the separation of powers clause of both the federal and state of Illinois Constitutions. Effectively, the County Clerk became the legislature, and usurped the powers of the legislature through her conduct.

94. The actions of the County Clerk were ultra vires acts and void.

95. The actions of the County Clerk violated the Plaintiff's right to due process, the right to expect the executive to act in accordance with the mandate of separation of powers, and denied him the civil liberties afforded him by law.

96. Wherefore, Plaintiff requests this Honorable Court for the following relief:

(1) Entry of an order voiding the certification of the results in favor of Patricia Fallon;

(2) Enjoin all Defendants from denying the Plaintiff his right to fill the seat he rightfully won;

(3) Remove Patricia Fallon from the Judicial position created by the Hanlon vacancy;

(4) Enter an order requiring the Plaintiff to be certified as the winner of the Hanlon vacancy, and to order the Defendants to authorize and facilitate the placement of Plaintiff to fill the Hanlon Vacancy;

(5) Also, in the alternative Invalidation of the election results and ordering that a new election to be held;

(6) Reasonable Attorney's fees, costs, and any other relief the Court sees fit to be awarded to Plaintiff;

(7) Damages in excess of $100,000.00 for violations of the Plaintiff's Constitutional rights;

(8) any other relief the court sees fit.

## COUNT V

## 28 U.S.C. § 2201 DECLARATORY ACTION

## DiFRANCO v. ALL DEFENDANTS

97. Plaintiff recites paragraphs 1-96 and incorporates them herein by reference into this allegation in support of this count.

98. Plaintiff requests an order declaring that all votes counted after November 17, 2020 be declared null and void, and excluded and removed from the official, final vote count.

99. Plaintiff requests that this Honorable Court declare that votes not in the possession of the County Clerk on November 17, 2020 be excluded from the final canvass, tabulation and final count of the contest for the "Hanlon Vacancy" in the 12th Judicial Subcircuit of Cook County;

100. Plaintiff requests that this Honorable Court declare that ultra vires acts of the County Clerk in counting ballots after November 17, 2020 were taken without any authority; and declare that the action of the County Clerk in including those ballots counted after November 17, 2020 within the final count for the Hanlon vacancy in the 12th Judicial Subcircuit of Cook County was void and for naught;

101. Plaintiff requests that this Honorable Court declare that ultra vires acts of the Clerk in including ballots in the contest for the Hanlon Vacancy in the 12th Judicial Subcircuit of Cook County, which had not been counted as of November 17, 2020 were void and for naught;

102. Plaintiff requests that this Honorable Court declare that the oath of office for the position of the Hanlon vacancy in the 12th Judicial Subcircuit of Cook County should be administered

to Frank R. DiFranco, who was the candidate with the higher vote count as of November 17, 2020.

103. The Plaintiff has initiated proceedings in the Illinois State Court pursuant to 10 ILCS 5/22-9.1 for an election contest.

104. That statute purports to limit a contesting party's right to conduct discovery in that action.

105. Plaintiff requests that this Honorable Court find that 10 ILCS 5/22-9.1 is unconstitutional on its face and as applied. Specifically, 10 ILCS 5/22-9.1 violates the 1st amendment and the 14th amendments of the Constitution of the United States. Specifically, 10 ILCS 5/22-9.1 only allows examination in specified precincts, not exceeding 25% of the total number of precincts within the jurisdiction of the election authority. Thereby, limiting the amount of information the candidate, public, and voter can obtain as a matter of law. "The First Amendment goes beyond protection of the press and self-expression of individuals to prohibit government from limiting the stock of information from which members of the public may draw". *See First Nat. Bank of Boston v. Bellotti*, 435 U.S. 765, 98 S. Ct. 1407, 55 L. Ed. 2d 707 (1978). The 25% restriction in effect results in limiting 75% of the information.

106. 10 ILCS 5/22-9.1 also violates procedural and substantive due process in that the procedure only allows for the examination of 25% of the votes thereby failing to provide a meaningful hearing at a meaningful time. Petitioner has a right to discovery pursuant to 10 ILCS 5/22-9.1 protected by the Due Process Clause. To have a liberty or property interest, protected by the Due Process Clause, in some benefit, a person must have a legitimate claim of entitlement, which means an entitlement established by rule or statute. *Portillo-Rendon v. Holder,* 662 F.3d 815 (7th Cir. 2011). Petitioner's right or property interest to discovery is

established by 10 ILCS 5/22-9.1. The 25% limitation upon this right denies a party a meaningful hearing at a meaningful time, or a meaningful discovery procedure. It is a sham procedure that does not satisfy due process. Furthermore, the guarantee of due process serves to protect the individual against arbitrary action of government. *Warfield v. City of Chicago*, 565 F. Supp. 2d 948, 964 (N.D. Ill. 2008). The constitutional guarantee of due process is implicated whenever the State engages in conduct towards its citizens that is deemed oppressive, arbitrary or unreasonable. *Wingert by Wingert v. Hradisky*, 2019 IL 123201, 131 N.E.3d 535. The means chosen in this case are arbitrary, not only because limiting the discovery recount to 25% bears no connection to preventing fraudulent election contests or recounts, but also because the choice of 25% of 100% is arbitrary. That is, no reason suggests itself as to why the State legislature chose 25% as opposed to 75%. *See People v. Lindner*, 127 Ill. 2d 174, 180, 535 N.E.2d 829, 831 (1989).

107. Additionally, 10 ILCS 5/22-9.1 violates equal protection in that it allows for a candidate to contest an election, and conduct discovery prior to filing of such election contest, but does not allow voters to do the same. Pursuant to Illinois law, "Any voter has standing to contest an election and petition for a recount, not simply a candidate." *Potts v. Fitzgerald*, 336 Ill. App. 3d 500, 505, 784 N.E.2d 420, 423 (2d Dist. 2003). However, voters are not given the same right as candidates to conduct discovery under 10 ILCS 5/22-9.1. "It has long been established that political activities (i.e. running for office, supporting a particular political candidate) are protected by the First Amendment. *Medina v. City of E. Chicago, Indiana*, 184 F. Supp. 2d 805, 819 (N.D. Ind. 2001). The state has no rational basis for this distinction, there is no important or substantial government interest to be advanced, the

means are not the least restrictive, and there is no compelling interest. Accordingly, 10 ILCS 5/22-9.1 violates equal protection.

108. The government has no rational basis, compelling interest, or substantially important reason for creating this distinction and limitation. The legislature has enacted 10 ILCS 5/22-9.1 to ensure that frivolous and baseless election challenges and recounts are not conducted. *See Potts v. Fitzgerald*, 336 Ill. App. 3d 500, 505, 784 N.E.2d 420, 424 (2d Dist. 2003). However, limiting 75% of the evidence/facts from being viewed results in good faith frivolous and baseless recounts since the decisions to file are only based on 25% of the facts/evidence. A full review of 100% of the information would lead to less frivolous and baseless recounts. Moreover, the means are not even a close fit, nor the least restrictive. Limiting the discovery recount to 25% bears no connection to preventing fraudulent election contests or recounts. Other reasonable, less restrictive means, such as a higher fees per specified precincts, and a limitation above 25% can accommodate the governments interests.

Wherefore, Plaintiff requests this Honorable Court for the following relief:

(1) Entry of an order voiding the certification of the results in favor of Patricia Fallon;

(2) Enjoin all Defendants from denying the Plaintiff his right to fill the seat he rightfully won;

(3) Remove Patricia Fallon from the Judicial position created by the Hanlon vacancy;

(4) Enter an order requiring the Plaintiff to be certified as the winner of the Hanlon vacancy, and to order the Defendants to authorize and facilitate the placement of Plaintiff to fill the Hanlon Vacancy;

(5) Also, in the alternative invalidating the election results and ordering that a new election to be held;

(6) Enter an order declaring that Illinois Statute 10 ILCS 5/22-9.1 is unconstitutional on its face, and as applied;

(7) Reasonable Attorney's fees, and costs;

(8) Damages in excess of $100,000.00 for violations of the Plaintiff's Constitutional rights;

(9) enter an order making such other declarations as requested in this Count V;

(10) enter such other relief as this Court deems fit.

**COUNT VI**

**VIOLATION OF 42 U.S.C. § 1983**

**DiFRANCO v. COUNTY OF COOK**

**MONELL LIABILITY**

109. Plaintiff incorporates paragraphs 1-108 of this complaint as though fully set forth herein.

110. During the relevant time, Defendant County Clerk was the final policymaker for the County of Cook; she had the authority to supervise and deploy personnel and resources, develop and implement the County of Cook's goals and policies, and overall monitoring of the department's performance and divisions.

111. As alleged above, Defendant County Clerk violated Plaintiffs' constitutional rights.

112. The conduct alleged against Frank R. DiFranco, and other Republican candidates in the 2020 General Election in Cook County was a manifestation of a widespread practice that is so permanent and well settled in the County of Cook, as to constitute a custom or usage with the force of law, administered, committed, and enforced by a person with final policymaking authority, the County Clerk.

113. As the final policymaker, Defendant County Clerk's misconduct in violating Plaintiff's constitution Rights subjects Defendant County of Cook to direct liability under 42 U.S.C. § 1983.

114. The County has a policy of deliberate indifference to the rights of Republican voters, as well as Republican candidates for office in the General Election, including Frank R. DiFranco, candidate for the Hanlon Vacancy in the 2020 12th Judicial Subcircuit of Cook County. .

115. In performing the acts of which the Plaintiff alleges, the Defendant County Clerk acted in furtherance of County policy, and in furtherance of the 'wide-spread practice', of disregarding Republicans' rights in elections conducted in Cook County.

116. This policy, although not expressly stated nor authorized by written law, is so permanent and well-settled as to constitute a 'custom or usage' with the force of law.

Wherefore, Plaintiff requests this Honorable Court for the following relief:

(1) Entry of an order voiding the certification of the results in favor of Patricia Fallon;

(2) Enjoin all Defendants from denying the Plaintiff his right to fill the seat he rightfully won;

(3) Remove Patricia Fallon from the Judicial position created by the Hanlon vacancy;

(4) Enter an order requiring the Plaintiff to be certified as the winner of the Hanlon vacancy, and to order the Defendants to authorize and facilitate the placement of Plaintiff to fill the Hanlon;

(5) Also, in the alternative invalidating the election results and ordering a new election to be held;

(6) Assess Reasonable Attorney's fees, costs against the County;

(7) Damages in excess of $100,000.00 against the County for violations of the Plaintiff's Constitutional rights;

(8) any other relief the court sees fit.

## COUNT VII

### ILLINOIS STATE LAW
### WILLFUL AND WANTON CONDUCT

### DiFRANCO v. ALL DEFENDANTS

117. Plaintiff incorporates paragraphs 1-116 of this complaint as though fully set forth herein.

118. During the relevant time, Defendant County Clerk was the agent and/or employee of Defendant County, which is responsible under the legal theory of Respondent Superior.

119. During the relevant time, Defendant County Clerk and Defendant County were under a duty to refrain from willful and wanton conduct.

120. Defendant County Clerk and Defendant County breached that duty through all the acts as alleged above, and were otherwise willful and wanton.

121. Defendant County Clerk and Defendant County's conduct was done intentionally or with a reckless disregard for the rights of the Plaintiff, and the rights of the voters in Cook County.

122. As a result of Defendants' conduct, the Plaintiff suffered damages.

Wherefore, Plaintiff requests this Honorable Court for the following relief:

(1) Entry of an order voiding the certification of the results in favor of Patricia Fallon;

(2) Enjoin all Defendants from denying the Plaintiff his right to fill the seat he rightfully won;

(3) Remove Patricia Fallon from the Judicial position created by the Hanlon vacancy;

(4) Enter an order requiring the Plaintiff to be certified as the winner of the Hanlon vacancy, and to order the Defendants to authorize and facilitate the placement of Plaintiff to fill the Hanlon Vacancy;

(5) Also, in the alternative invalidating the election results and ordering a new election to be held;

(6) Assess an award of reasonable Attorney's fees, costs, and any other relief against the Defendants;

(7) Award damages in excess of $100,000.00 for such wanton and willful conduct alleged herein; and

(8) such other relief as the court sees fit.

## COUNT VIII

## ILLINOIS STATE LAW
## INDEMNIFICATION

## DiFRANCO v. COUNTY OF COOK

123. Plaintiff incorporates paragraphs 1-122 of this complaint as though fully set forth herein.

124. During the relevant time, Defendant County Clerk was as employee of the Defendant, Cook County, and was acting within the scope of her duties and employment.

125. Pursuant to 745 ILCS 10/9-102, Defendant County is required to indemnify public employees – such as the County Clerk– for any judgment against a public employee for acts or omissions done within the scope of their employment, and is required to indemnify any employee for any judgment for acts or omissions done within the scope of their employment.

Wherefore, Plaintiff requests this Honorable Court for the following relief:

(1) Enter an order that Defendant County of Cook be required to indemnify Defendant Clerk Yarbrough, and other Defendants, for any award of compensatory damages, attorneys' fees, and costs awarded against any of the defendants

(2) Enter an order assessing reasonable Attorney's fees, costs, and any other relief against the Defendants;

(3) Damages in excess of $100,000.00 against the Defendants;

(4) any other relief the court sees fit.

**COUNT IX**

**VIOLATION OF 42 U.S.C. § 1983**
**FIRST AMENDMENT**

**DiFRANCO v. ALL DEFENDANTS**

126. Plaintiff incorporates paragraphs 1-125 of this complaint as though fully set forth herein.

127. Plaintiff's right to run for office and right to votes is protected by the First Amendment.

128. Plaintiff has a right to right to put a ballot in a box but also the right to have one's vote counted.

129. The right to vote is a fundamental right guaranteed by the First Amendment of the Constitution of the United States. This right of suffrage can be denied by a debasement or dilution of the weight of a citizen's vote.

130. The Defendant County Clerk's conduct in counting ballots after the statutory deadline denied the Plaintiff as a candidate, and a voter, the rights afforded him by the First Amendment. .

131. Plaintiff was harmed by this denial.

Wherefore, Plaintiff requests this Honorable Court for the following relief:

(1) Entry of an order voiding the certification of the results in favor of Patricia Fallon;

(2) Enjoin all Defendants from denying the Plaintiff his right to fill the seat he rightfully won;

(3) Remove Patricia Fallon from the Judicial position created by the Hanlon vacancy;

(4) Enter an order requiring the Plaintiff to be certified as the winner of the Hanlon vacancy, and to order the Defendants to authorize and facilitate the placement of Plaintiff to fill the Hanlon Vacancy;

(5) Also, in the alternative, enter an order invalidating the election results and a new election to be held;

(6) Reasonable Attorney's fees, costs, and any other relief;

(7) Damages in excess of $1,000,000.00 for violations of the Plaintiff's Constitutional rights

(8) any other relief the court sees fit.

34

## COUNT X

### VIOLATION OF THE ILLINOIS STATE CONSTITUTION's
### FREE AND FAIR ELECTIONS CLAUSE

### DiFRANCO v. ALL DEFENDANTS

132. Plaintiff incorporates paragraphs 1-131 of this complaint as though fully set forth herein.

133. Article III Section 3 of the Illinois Constitution provides:

"All elections shall be free and equal"

134. The Plaintiff, Frank R. DiFranco's vote, was, and is, entitled to the same weight and effect as a vote of any other voter.

135. Voters who submitted ballots which comported with the Illinois statutes were denied the right and opportunity to have their vote have the same weight and effect as a vote of any other voter.

136. The improper votes added after the statutory deadline for counting ballots, November 17, 2020, determined the outcome of the election thereby diluting the proper votes cast in conformity with the statute, denying those voters the right to a free and equal election.

137. Plaintiff was harmed by conduct of the Defendants.

Wherefore, Plaintiff requests this Honorable Court for the following relief:

(1) Entry of an order voiding the certification of the results in favor of Patricia Fallon;

(2) Enjoin all Defendants from denying the Plaintiff his right to fill the seat he rightfully won;

(3) Remove Patricia Fallon from the Judicial position created by the Hanlon vacancy;

35

(4) Enter an order requiring the Plaintiff to be certified as the winner of the Hanlon vacancy, and to order the Defendants to authorize and facilitate the placement of Plaintiff to fill the Hanlon Vacancy;

(5) Also, in the alternative Invalidation of the election results and order a new election to be held;

(6) Assess an award of reasonable Attorney's fees, costs, and any other relief against the Defendants;

(7) Award damages in excess of $100,000.00 for such wanton and willful conduct alleged herein; and

(8) such other relief as the court sees fit.

## JURY DEMAND

Plaintiff demands a jury of 12 persons on any issue in this complaint triable of right by a jury.

Respectfully submitted.

/S/  Tim  Biasiello
LAW OFFICES OF TIM BIASIELLO
617 West Devon Avenue
Park Ridge, IL 60068
TEL: 847-825-7744
FAX: 847-825-7746
EMAIL: timbslo@yahoo.com
Atty # 0204501

/S/  Ilia Usharovich
ILIA USHAROVICH
224 South Milwaukee Avenue
Suite G
Wheeling IL 60090
TEL:  847-264-0435
FAX:  224-223-8079
EMAIL:  Ilia@usharolaw.com
Atty # 6302193

/S/  James N. Karahalios
JAMES N. KARAHALIOS
617 West Devon Avenue
Park Ridge, IL 60068
TEL:  847-825-7744
FAX:  847-825-7746
EMAIL:  jamesnkarahalios@yahoo.com
Atty #:1402625

/S/  Michael R. Pieczonka
PIECZONKA LAW LLC
617 West Devon Avenue
Park Ridge, IL 60068
TEL: (847) 825-7744
FAX: (847) 825-7746
EMAIL: michael@pieczonkalaw.com
Atty #: 6298622

36



# Judicial Subcircuit District 12

EXHIBIT "A"





**NOTICE:**

**Click Here to View Current Recording Division Job Postings (https://cookcountyclerksoffice.applytojob.com/apply)**

# November 3, 2020 Ballot Counting Data

In accordance with 10 ILCS 5/1-9.2, the Clerk's office is posting uncounted ballot information on the website. No later than 48 hours after the closing of polling locations on election day, each election authority maintaining a website shall post the number of ballots that remain uncounted.

*Last Updated: 10:00 a.m., 11/14/2020*

| Date | Total Uncounted | Uncounted - Cast Election Day | Uncounted Early Voting | Uncounted Provisional | Vote by Mail - Returned not counted | Vote by Mail - Sent but not returned |
|---|---|---|---|---|---|---|
| 11/06/2020 | 273,614 | 7,026 | 0 | 27,073 | 239,515 | 138,203 |
| 11/07/2020 | 273,614 | 7,026 | 0 | 27,073 | 239,515 | 138,203 |
| 11/08/2020 | 213,906 | 7,026 | 0 | 27,073 | 179,807 | 122,081 |
| 11/09/2020 | 199,653 | 7,026 | 0 | 27,073 | 165,554 | 122,081 |
| 11/10/2020 | 149,494 | 7,026 | 0 | 27,073 | 115,395 | 122,081 |
| 11/11/2020 | 149,494 | 7,026 | 0 | 27,073 | 115,395 | 122,081 |
| 11/12/2020 | 62,125 | 897 | 0 | 1,471 | 59,757 | 122,081 |
| 11/13/2020 | 19,179 | 897 | 0 | 1,471 | 16,811 | 121,817 |
| 11/14/2020 | 0 | 0 | 0 | 0 | 0 | 121,817 |

EXHIBIT "B"