IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Frank R. DiFranco, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20-CV-7813 |
| v. ) | |
| ) | Honorable Joan B. Gottschall |
| Monica Gordon, in her official capacity as ) | |
| Clerk of Cook County, Illinois; et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This litigation stems from a close race in the 2020 general election for a judgeship on the Circuit Court of Cook County, Illinois. Defendant Patricia Fallon was declared the winner by a 503-vote margin. Her opponent, plaintiff Frank R. DiFranco, filed this federal lawsuit alleging constitutional claims via 42 U.S.C. § 1983, as well as supplemental state law claims, against Fallon, the Cook County Clerk, and the county and state boards of election, seeking, among other relief, to be declared the winner of the election. *See* Compl. 10–36, Dkt. No. 1. DiFranco also filed a parallel election contest case in Cook County Circuit Court naming the same defendants and asserting, among others, the constitutional and state law claims pleaded in his federal complaint. *See* Pet. in No. 2020COEL000032, in this record at Dkt. No. 12-1.

On November 29, 2021, Judge Norgle found that this federal case paralleled DiFranco's state court election contest and stayed the federal case under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), to await the outcome of the state court case. *DiFranco v. Yarbrough*, No. 20-CV-7813, slip op. at 20–21 (N.D. Ill. Nov. 29, 2021) (Dkt. No. 60). DiFranco's parallel state case has been litigated to a final judgment dismissing all of his claims, and the *Colorado* River stay has been lifted. *See DiFranco v. Fallon*, 2023 IL App (1st) 220785 (Oct. 5, 2023), appeal denied No. 130187, 226 N.E.3d 32 (Ill. 2024), *cert. denied* 145 S. Ct. 171 (Oct. 7, 2024).

Before this court are two motions to dismiss DiFranco's complaint for failure to state a claim. Defendants primarily argue that the final judgment in DiFranco's state court election contest bars further litigation of his federal claims under principles of *res judicata* and collateral estoppel. DiFranco counters that the state court's judgment is void because the court exceeded the scope of its subject matter jurisdiction. *See* 10 Ill. Comp. Stat. 5/23 *et seq*. But the Illinois appellate court resolved the question of subject matter jurisdiction, ruling adversely to DiFranco. 2023 IL App (1st) 220785, ¶¶ 38–43. For the reasons discussed herein, the Illinois appellate court's jurisdictional rulings preclude DiFranco from collaterally attacking the state court's jurisdiction, and the federal case is dismissed as barred by *res judicata*.

## I. Background

DiFranco filed his federal complaint on December 30, 2020. Dkt. No. 1. In addition to Fallon, he named as defendants Karen Yarbrough, who was then the Cook County Clerk, in her official and individual capacities; the Cook County Board of Elections ("county board"); and Illinois State Board of Elections ("state board"). Compl. 1. DiFranco's federal complaint has ten counts. The complaint asserts claims under 42 U.S.C. § 1983 for violations of his right to procedural and substantive due process (Counts I and III); a violation of the Equal Protection Clause (Count II); violation of separation of powers principles (Count IV); a claim for a declaratory judgment (Count V); a claim to hold Cook County vicariously liable under *Monell v. Department of Social Services of New York City*, 436 U.S. 658 (1978) (Count VI); and a First Amendment claim (Count IX). Compl. ¶¶ 46–116. DiFranco also pleads claims arising under Illinois law; he invokes supplemental jurisdiction over these claims. 28 U.S.C. § 1367(a). Specifically, the complaint asserts claim for willful and wanton conduct (Count VII), an indemnification claim (Count VIII); and a claim under the Free and Fair Elections Clause of the Illinois Constitution (Count X), Ill. Const. Art. III § 3. Compl. ¶¶ 117–25, 132–37.

DiFranco filed his parallel lawsuit in Cook County Circuit Court one day after he filed his federal complaint. *DiFranco v. Fallon*, No. 2020COEL000032 (Dec. 31, 2020). DiFranco

2

explained the relationship between the two suits on the second page of his federal complaint: "The Plaintiff [DiFranco] has also filed an 'election contest' cause of action against the identical Defendants in the Circuit Court of Cook County . . . arising from the same facts as alleged herein. That cause of action includes the identical constitutional claims as presented by the Plaintiff in this [federal] cause of action." Compl. 2. DiFranco's federal complaint then cites *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411 (1964), and states that DiFranco "expressly desires that the federal questions presented by constitutional claims asserted in this cause of action be resolved by the United States District Court, and not the Courts of the State of Illinois." Compl. 2. The parties and the court refer to this as an *England* reservation. *England* holds "that when a federal court abstains from deciding a federal constitutional issue to enable the state courts to address an antecedent state-law issue, the plaintiff may reserve his right to return to federal court for the disposition of his federal claims." *San Remo Hotel, L.P. v. City & Cnty. of San Francisco*, 545 U.S. 323, 339 (2005) (citing *England*, 375 U.S. at 419).

In an opinion dated November 29, 2021, Judge Norgle dismissed DiFranco's complaint in part and stayed this case pending the resolution of the state court election contest. *See DiFranco v. Yarbrough*, No. 20-CV-7813, slip op. at 21–22 (Dkt. No. 60). That order dismissed the state board of elections on Eleventh Amendment grounds, denied leave to amend the complaint to name individual board members, and dismissed DiFranco's claim that § 22-9.1 of the Illinois Election Code is unconstitutional. *Id.* at 21. In entering a stay, the court ruled that this case and DiFranco's state suit paralleled each other and that exceptional circumstances warranted federal court abstention under *Colorado River*. *See id.* at 21–22; *see generally Braid v. Stilley*, 142 F.4th 956, 969–71 (7th Cir. 2025) (describing the two-step *Colorado River* abstention analysis).

Judge Norgle retired on October 4, 2022. The Clerk of this court reassigned this case by lot to the undersigned. *See Am. Exec. Comm. Order* 1, 5 (Oct. 5, 2022), Dkt. No. 74 (citing N.D. Ill. L.R. 40.1(f)). In 2024, defendant Karen Yarbrough passed away while in office. *See* Suggestion of Death (Apr. 10, 2024), Dkt. No. 104; Suppl. Suggestion of Death (Oct. 21, 2024),

3

Dkt. No. 129. The current Cook County Clerk, Monica Gordon, has been substituted insofar as the complaint named Yarbrough in her official capacity. Minute Order 1 (Feb. 6, 2025), Dkt. No. 156. The personal representative of Yarbrough's estate, Henderson Yarbrough, has been substituted "insofar as plaintiff sues [Karen Yarbrough] in her personal capacity." Minute Order 1 (Oct. 22, 2024), Dkt. No. 130.

DiFranco's election contest suit in state court was resolved in the following manner. The trial judge entered summary judgment on May 11, 2022, in favor of defendants and dismissed the state case. Jt. Status Report ¶ 1 (Aug. 30, 2022), Dkt. No. 71. DiFranco appealed. On October 5, 2023, the Illinois appellate court issued an opinion affirming the dismissal of DiFranco's state case. *DiFranco v. Fallon*, 2023 IL App (1st) 220785 (Oct. 5, 2023). DiFranco unsuccessfully petitioned the Illinois Supreme Court for leave to appeal. *See DiFranco v. Fallon*, No. 130187, 226 N.E.3d 32, at *1 (Ill. 2024). He then filed a petition for a writ of certiorari in the United States Supreme Court. The Supreme Court denied certiorari on October 7, 2024. 145 S. Ct. 171 (Oct. 7, 2024).

Following denial of certiorari, the parties agreed that the *Colorado River* stay should be lifted and jointly proposed a schedule for briefing motions to dismiss the complaint. *See* Minute Order 1 (Nov. 1, 2024), Dkt. No. 137. All defendants move to dismiss DiFranco's federal complaint under the doctrines of *res judicata* and collateral estoppel, which are sometimes also called claim and issue preclusion, respectively.[1] *See* Jt. Mot. Dismiss 6–15, Dkt. No. 139. In addition, defendant Henderson Yarbrough argues that Karen Yarbrough's estate is immune from DiFranco's personal capacity claims under Section 2-201 of the Illinois Local Government Tort Immunity Act, 745 Ill. Comp. Stat. 10/2-201, because Karen Yarbrough took all of the actions at issue in her official capacity as the Clerk of Cook County. *See* H. Yarbrough Mot. to Dismiss 2–5, Dkt. No. 140.

---

[1] Defendant Henderson Yarbrough expressly adopts his co-defendants' *res judicata* and collateral estoppel arguments. H. Yarbrough Mot. to Dismiss 5–6, Dkt. No. 140.

After briefing closed, this court directed the parties to file supplemental memoranda concerning the effect, if any, of the Illinois Supreme Court's decision in *Ontiveroz v. Khokhar*, 2025 IL 130316 (Jan. 24, 2025), on the *res judicata* and collateral estoppel issues raised in the present case. Minute Order 1 (Aug. 6, 2025), Dkt. No. 164. DiFranco and defendants argue in their respective supplemental memoranda that *Ontiveroz* supports their position. *See* Pl. Suppl. Mem., Dkt. No. 165; Def. Supp. Mem., Dkt. No. 166.

## II. MOTION STANDARD

Defendants move to dismiss DiFranco's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the sufficiency of a complaint rather than the case's merits or the merits of any affirmative defense. *See Richards v. Mitcheff*, 696 F.3d 635, 637–38 (7th Cir. 2012). Rule 8(a)(2) requires every complaint, and every other pleading that states a claim for relief, to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

To withstand a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555–56. When testing a complaint's sufficiency, the court accepts the complaint's well-pleaded facts as true and draws reasonable inferences from those facts in the plaintiff's favor, but conclusory allegations that merely recite the elements of a claim do not enjoy a presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

Defendants raise the affirmative defenses of *res judicata* and collateral estoppel. *See* Fed. R. Civ. P. 8(c)(1). "Complaints need not anticipate defenses and attempt to defeat them." *Mitcheff*, 696 F.3d at 637 (citing *Gomez v. Toledo*, 446 U.S. 635 (1980)). Nevertheless, a complaint may be dismissed based on an affirmative defense at the Rule 12(b)(6) stage if it admits all the elements of an affirmative defense and the plaintiff has "pleaded himself out of

5

court." *E.g.*, *Holmes v. Marion Cnty. Sheriff's Off.*, 141 F.4th 818, 822 (7th Cir. 2025); *Mitcheff*, 696 F.3d at 637.

### III. ANALYSIS

The Full Faith and Credit Act, 28 U.S.C. § 1738, "requires federal courts to give a state court judgment the same preclusive effect it would have in state court." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 560 (7th Cir. 1999) (citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 381 (1985)). "State law controls whether a state court judgment precludes a later federal lawsuit." *White v. Ill. State Police*, 15 F.4th 801, 809 (7th Cir. 2021) (citing *Garcia v. Vill. of Mt. Prospect*, 360 F.3d 630, 634 (7th Cir. 2004)). The dispositive question is therefore whether and to what extent Illinois courts would give *res judicata* and collateral estoppel effect to the final judgment dismissing DiFranco's election contest case.

### A. Issue Preclusion/Collateral Estoppel

"Under the doctrine of collateral estoppel, also known as issue preclusion, an issue cannot be litigated a second time between the same parties when it has already 'been determined by a valid and final judgment.'" *Patrick v. City of Chicago*, 81 F.4th 730, 735–36 (7th Cir. 2023) (quoting *Riley v. Calloway*, 882 F.3d 738, 742 (7th Cir. 2018)). Defendants bear the burden of raising the affirmative defense of issue preclusion and showing that it is applicable on the face of the complaint. *See id.* at 736 (citing *McDonald v. Adamson*, 840 F.3d 343, 347 (7th Cir. 2016)). Defendants must establish the following elements:

> (1) the issue sought to be precluded must be the same as that involved in the prior action;
>
> (2) the issue must have been actually litigated;
>
> (3) the determination of the issue must have been essential to the final judgment; and
>
> (4) the party against whom estoppel is invoked must [have been] fully represented in the prior action.

*Waagner v. United States*, 971 F.3d 647, 657 (7th Cir. 2020) (quotation omitted).

6

Defendants attached no evidence to their pending Rule 12(b)(6) motions. Dkt. Nos. 139 and 140. Nor did they ask this court to take judicial notice of any state court documents. DiFranco pointed out this deficiency in his response memoranda. This court had no basis for determining what issues were actually litigated without pleadings, motion papers (if applicable), or judgments.

Defendants attempt to remedy this shortcoming by attaching four exhibits to their reply memorandum. *See* Jt. Reply, Ex. A–D, Dkt. No. 146. They request that the court take judicial notice of these exhibits, which they allege consist of litigation documents filed in state court. *See id.* at 12–13. Consistent with Rule 201 of the Federal Rules of Evidence, a court "may take judicial notice of matters of public record when ruling on a motion to dismiss. And 'taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment.'" *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022) (citation modified) (quoting *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012)).

Defendants' request to take judicial notice comes too late. By waiting until their reply brief, defendants deprived DiFranco of an opportunity to respond to the specific documents on which defendants base their collateral estoppel arguments. DiFranco had no chance to contest the authenticity of these documents (if he wished to do so), make arguments about what they say, or draw the court's attention to any other state court documents he contends are relevant to the collateral estoppel analysis. Waiver doctrine protects DiFranco. "[A]rguments raised for the first time in [a] reply brief are waived because they leave no chance to respond." *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021) (citing *Wonsey v. City of Chicago*, 940 F.3d 394, 398 (7th Cir. 2019)); accord *United States v. Alvarez-Martinez*, 286 F.3d 470, 475 (7th Cir. 2002); *Parrillo v. Com. Union Ins. Co.*, 85 F.3d 1245, 1250 (7th Cir. 1996). Defendants do not argue that DiFranco's complaint contains everything the court needs to apply collateral estoppel, and it does not. Since defendants have waived their request to take judicial notice of the documents

they contend are necessary to the collateral estoppel analysis, their motion to dismiss on collateral estoppel grounds is denied.[2]

## B. Claim Preclusion/*Res Judicata*

"Under Illinois law, [the defense of] *res judicata* requires '(1) a final judgment on the merits rendered by a court of competent jurisdiction, (2) the same cause of action, and (3) the same parties or their privies.'" *White v. Ill. State Police*, 15 F.4th 801, 809 (7th Cir. 2021) (quoting *Chi. Title Land Tr. Co. v. Potash Corp. of Saskatchewan Sales, Ltd.*, 664 F.3d 1075, 1079 (7th Cir. 2011). Unlike collateral estoppel, the defense of *res judicata* "bar[s] not only every matter that was actually determined in the first suit, but also every matter that might have been raised and determined in that suit." *Id*. (quoting *Chi. Title*, 664 F.3d at 1079). So, where it applies, *res judicata* bars a second suit "regardless of whether the second proceeding involves new arguments not passed upon in the initial action." *Sapp v. Foxx*, 106 F.4th 660, 666 (7th Cir. 2024), *cert. denied*, 145 S. Ct. 446 (2024) (citing *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 889 (Ill. 1998)).

DiFranco disputes each *res judicata* element, but his complaint commencing this federal suit and Judge Norgle's November 29, 2021, opinion, which is the law of this case, make plain that DiFranco brought the same causes of action against the same defendants in both cases. *See* Compl. 1–2. There is also no dispute that the judgment dismissing DiFranco's state court election contest case is final.

Many of DiFranco's arguments amount to a jurisdictional challenge. In his view, the state court exceeded its highly circumscribed statutory jurisdiction over his election contest action. For example, DiFranco maintains that, despite their identical captions, the two suits did not involve the same parties or causes of action for *res judicata* purposes because Fallon was the

---

[2] For essentially the same reasons, the court does not consider the exhibits DiFranco attached to his supplemental memorandum of law dated August 12, 2025. Pl. Supp. Mem. 10–302, Dkt. No. 165. Defendants have not had an opportunity to respond to those supplemental exhibits, and the order permitting supplemental briefing did not authorize any party to file additional evidence. *See* Order dated Aug. 6, 2025, at 1, Dkt. No. 164.

8

only proper defendant to an election contest, even though DiFranco named additional defendants.[3]

In Illinois, the statutory right to contest an election has no common law precursor, and an action to contest an election "is neither at law nor in equity in Illinois." *Flake v. Pretzel*, 46 N.E.2d 375, 378 (Ill. 1941) (per curiam) (citations omitted). "Since the right to contest an election is purely statutory," the Illinois Supreme Court has long held that "the procedure prescribed by statute must be strictly followed." *Id*. (citing *Girhard v. Yost*, 176 N.E. 899 (Ill. 1931)). The Illinois Supreme Court reaffirmed earlier this year that "circuit courts may exercise jurisdiction over election cases only as provided by statute because, in election cases, the court exercises special statutory jurisdiction. Because the court has no powers from any other source, the language of the statute conferring jurisdiction limits the extent of the court's jurisdiction. 'In the exercise of special statutory jurisdiction, if the mode of procedure prescribed by statute is not strictly pursued, no jurisdiction is conferred on the circuit court.'" *Ontiveroz v. Khokhar*, 2025 IL 130316, ¶ 42 (quoting *Bettis v. Marsaglia*, 2014 IL 117050, ¶ 14; collecting additional citations).

The Illinois Election Code gives a candidate, or another qualifying elector, thirty days to file a verified petition to contest an election; the petition must comply strictly with 10 Ill. Comp. Stat. 5/23-20 (West 2025). *See Ontiveroz*, 2025 IL 130316, ¶ 43. The statute further provides that "summons shall issue against the person whose office is contested, and he may be served with process, or notified to appear, in the same manner as is provided in other civil cases" when such a petition is filed. 10 Ill. Comp. Stat. 5/23-21. Illinois courts have generally construed these provisions as limiting the proper respondent in an election contest proceeding to the candidate who was declared the winner. *See Fiegenbaum v. McFarlane*, 77 N.E.2d 816, 818–19

---

[3] The parties did not brief whether Illinois procedural and substantive law permit an Article 23 election contest to be joined in a single petition with other claims. This court takes no position on that question but notes that the Illinois appellate court's decision in *Sherman v. Indian Trails Public Library District*, 2012 IL App (1st) 112771, ¶¶ 13-18, involved constitutional claims and an election contest pleaded in the same petition. The *Sherman* court did not discuss joinder.

9

(Ill. 1948); *Black v. Termunde*, 303 N.E.2d 803, 805–06 (Ill. App. Ct. 1st Dist. 1973). Citing these and similar cases, DiFranco maintains that the state court lacked jurisdiction over the county clerk, the state board, and the county board, and the judgment dismissing his election contest proceeding is void insofar as it adjudicated his claims against them.

DiFranco's jurisdictional attack runs aground on the Illinois appellate court's rulings on direct review of his election contest petition that it and the state trial court possessed subject matter jurisdiction. *See DiFranco v. Fallon*, 2023 IL App (1st) 220785, ¶ 37. Even though no party raised a jurisdictional question, the Illinois appellate court did so on its own initiative, explaining that it was "obliged to consider its own jurisdiction, even when no party raises the issue," and it was also "obliged to take notice of matters that go to the jurisdiction of the circuit court." *Id*. (citation modified) (citing *Belleville Toyota, Inc. v. Toyota Motor Sales*, U.S.A., Inc., 770 N.E.2d 177, 184 (Ill. 2002)); *accord Ontiveroz*, 2025 IL 130316, ¶¶ 48–49. Under the first subheading of the analysis section of its opinion, the Illinois appellate court ruled that it and the trial court possessed jurisdiction and that the case was justiciable, even though Fallon had taken the oath of office. *See id*. ¶¶ 37–43. DiFranco did not challenge the Illinois appellate court's jurisdictional rulings when he petitioned the Illinois Supreme Court for leave to appeal, and he did not challenge jurisdiction in his petition for a writ of certiorari filed in the United States Supreme Court. *See* Pet. for Appeal 4, *DiFranco v. Fallon*, No. 130187, (Nov. 9, 2023); Pet. for Cert. p. i, *DiFranco v. Fallon*, No. 23-1339 (June 21, 2024) (questions presented).

In Illinois, "*[R]es judicata* is not applicable when a judgment is void. A void judgment, that is, one entered by a court which lacks jurisdiction over the parties, the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 560–61 (7th Cir. 1999) (citation modified); *accord Lady v. Montgomery Ward & Co.*, 399 N.E.2d 346, 348–49 (Ill. App. Ct. 4th Dist. 1980).

This exception comes with an important caveat, however. The Illinois Supreme Court has long given *res judicata* effect to jurisdictional rulings. *See, e.g.*, *Dillenburg v. Hellgren*, 21 N.E.2d 393, 395 (Ill. 1939) (citing *Chamblin v. Chamblin*, 1 N.E.2d 73 (Ill. 1936)). In Illinois, "Once a question of jurisdiction of the subject matter of a suit has been determined on appeal, just as it cannot be attacked collaterally in a later proceeding, it cannot be attacked in a later appeal; the doctrine of *res judicata* is fully applicable and precludes the raising of the issue." *Moore v. Ill. Pollution Control Bd.*, 561 N.E.2d 170, 174 (Ill. App. Ct. 5th Dist. 1990) (citing *Sidwell v. Sidwell*, 328 N.E.2d 595 (Ill. App. Ct. 4th Dist. 1975)). "The common law of Illinois establishes that, where the question of jurisdiction, whether it be jurisdiction of the subject matter or of the parties, has been raised and decided, the adjudication of the issue precludes the raising of the question again." *Id.* at 177; *See also Word Seed Church v. Vill. of Hazel Crest*, 111 F.4th 814, 822–23 (7th Cir. 2024) (discussing federal law).

Applying these principles in the instant suit, DiFranco had an opportunity to contest the Illinois appellate court's jurisdictional rulings, but he did not ask the Illinois Supreme Court or the United States Supreme Court to overturn them. *Res judicata* therefore prevents DiFranco from collaterally attacking the state trial court's jurisdiction and arguing that it did not extend to adjudicating his § 1983 claims and other claims against the Cook County Clerk, the Illinois State Board of Elections, and the Cook County Board of Elections. As the United States Supreme Court has explained when applying general *res judicata* (consistent with Illinois law), "A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of *res judicata* apply to jurisdictional determinations—both subject matter and personal." *Word Seed Church*, 111 F.4th at 822–23 (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982); ellipsis omitted).

**C. Exceptions**

Illinois courts recognize six exceptions to the *res judicata* doctrine:

11

> (1) the parties have agreed in terms or in effect that plaintiff may split his claim or the defendant has acquiesced therein; (2) the court in the first action expressly reserved the plaintiff's right to maintain the second action; (3) the plaintiff was unable to obtain relief on this claim because of a restriction on the subject-matter jurisdiction of the court in the first action; (4) the judgment in the first action was plainly inconsistent with the equitable implementation of a statutory scheme; (5) the case involves a continuing or recurrent wrong; or (6) it is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason.

*Tebbens v. Levin & Conde*, 2018 IL App (1st) 170777, ¶ 42 (quoting *Hudson v. City of Chicago*, 889 N.E.2d 210, 217 (Ill. 2008)); accord *Svendsen v. Pritzker*, 91 F.4th 876, 877–78 (7th Cir. 2024). DiFranco contends that the first, third, fifth, and sixth exceptions apply here. *See* Resp. to Mot. to Dismiss 7–15, Dkt. No. 144. Notably, DiFranco cites no case law supporting his arguments that an Illinois court would apply these exceptions here. *See id*. Although DiFranco articulates these exceptions in his briefing and explains in general terms why he believes some apply, his failure to cite legal authority supporting all but one of his contentions results in waiver. *See id*. "The failure to cite authorities in support of a particular argument constitutes a waiver of the issue." *LINC Fin. Corp. v. Onwuteaka*, 129 F.3d 917, 921–22 (7th Cir. 1997) (citing *Tyler v. Runyon*, 70 F.3d 458, 464 (7th Cir. 1995); other citation omitted).

Only DiFranco's argument that the first exception (agreement or acquiescence to claim splitting) applies is supported by citations to authority. *See* Resp. to Mot. to Dismiss 8–12. DiFranco focuses on his communicated intent without showing defendants' assent to claim splitting. He points out, for instance, that he filed suit nearly simultaneously in state and federal court and that he moved for a stay in federal court. Resp. to Mot. to Dismiss 9, Dkt. No. 144. Not so. DiFranco argued before Judge Norgle that *Colorado* River was inapplicable. Mem. Opp'n First Mot. to Dismiss 8–15 (Apr. 21, 2021), Dkt. No. 21. Nor did defendants agree to a stay. Rather, they moved this court and the state court to dismiss all of DiFranco's claims,

evincing no preference for either court proceeding to judgment first. Defendants requested a stay under *Colorado River* "in the alternative" to dismissal. Mem. Supp. First Mot. To Dismiss 10–15, (Mar. 23, 2021), Dkt. No. 12.

DiFranco also points to the *England* reservation in his federal complaint. But Judge Norgle held that *England* and its rationale are inapposite here when he stayed this case in 2021. *DiFranco v. Yarbrough*, No. 20-CV-7813, slip op. at 20–21 (N.D. Ill. Nov. 29, 2021), Dkt. No. 60. "While the Court today stays the case, including Plaintiff's § 1983 claims, pending the state election contest, the Court clarifies that *England* does not apply here. That case merely 'permits the federal court to engage in *Pullman* abstention' and is 'not relevant here where the purpose of abstention is not clarification of state law, but reluctance to interfere with an ongoing state judicial proceeding.'" *Id*. at 19 (quoting *Duty Free Shop. Inc. v. Administracion De Terrenos De P.R.*, 889 F.2d 1181, 1183 (1st Cir. 1989)).

The law of the case doctrine, which applies when a case is reassigned to a different judge, "embodies the notion that a court ought not to re-visit an earlier ruling in a case absent a compelling reason, such as manifest error or a change in the law, that warrants re-examination." *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007) (collecting authorities); *see Best v. Shell Oil Co.*, 107 F.3d 544, 546 (7th Cir. 1997). Judge Norgle's ruling remains the law of this case, and DiFranco does not ask this court to revisit it or provide any reason to do so. Given Judge Norgle's ruling, DiFranco could not reasonably rely on his *England* reservation when he litigated his claims in state court, and this court accordingly rejects his arguments predicated on the purported reservation in his federal complaint.

In summary, no *res judicata* exception has been shown to apply. Judge Norgle decided to stay the federal case, and the state court judgment dismissing all claims and parties has been

13

litigated to a final judgment. As the Seventh Circuit recently explained when affirming a *res judicata* dismissal, Illinois law "permits only one suit concerning any single set of events, no matter how a plaintiff chooses to allocate legal theories or remedial requests." *Svendsen v. Pritzker*, 91 F.4th 876, 879 (7th Cir. 2024) (citations omitted). Here, DiFranco had an opportunity to litigate his claims in state court; the Illinois appellate court ruled that it and the trial court possessed subject matter jurisdiction. Consistent with *Svendsen*, Illinois law does not afford him a second bite at the proverbial apple. *See id*.

## IV. CONCLUSION

For the reasons stated, defendants' motions to dismiss DiFranco's claims as barred by *res judicata* are granted. Because *res judicata* bars DiFranco's claims, it is unnecessary to rule on Henderson Yarbrough's alternative arguments for dismissal. A judgment consistent with this memorandum opinion and order will be issued forthwith.

Date: September 2, 2025                      /s/ Joan B. Gottschall
                                                              United States District Judge